IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MALONE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:21-CV-502-RAH-KFP ) |
| WISENET, | ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon review of Plaintiff's Complaint, and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED for failure to state a claim on which relief may be granted.

**I.    INTRODUCTION**

Pro se Plaintiff John Malone, Jr., a state inmate, filed this Complaint under 42 U.S.C. § 1983,[1] alleging that Defendant recorded violent beatings that occurred in Elmore Correctional Facility from February 19, 2021, through March 16, 2021. Doc. 1 at 4. In his Complaint, Plaintiff requested that this Court compel Defendant to produce these alleged recordings or pay $5,000,000 in damages. Doc. 1 at 4. The Court granted Plaintiff leave to proceed in forma pauperis in this action. Docs. 2–3.

On March 4, 2022, this Court issued an order directing Plaintiff to file an Amended Complaint either naming a state actor as a defendant or showing that Defendant acted under

---

[1] Because Plaintiff proceeds pro se, the Court construes his Complaint liberally and interprets it to allege a violation of his constitutional rights under § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94–95 (2007).

color of state law. Doc. 6 at 1–2. The Court also instructed Plaintiff to include Defendant's service address in his Amended Complaint. Doc. 6 at 2. Plaintiff thereafter filed two documents: one titled "Respon[s]e" (Doc. 7) and one titled "Correction." Doc. 9. While the "Response" included Defendant's service address (Doc. 7 at 1), Plaintiff has still failed to name a proper defendant for purposes of pursuing a § 1983 claim. Therefore, dismissal is appropriate.

## II.   LEGAL STANDARD

A plaintiff unable to pay court costs may proceed in forma pauperis under 28 U.S.C. § 1915. An in forma pauperis complaint is subject to dismissal if it contains claims that are frivolous or malicious or fails to state a claim upon which relief may be granted. § 1915(e)(2)(B); § 1915A(b).

A claim is frivolous if it "lacks arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'"). For example, a claim is frivolous where the claim seeks to enforce a right that clearly does not exist. *Neitzke*, 490 U.S. at 327.

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 664 (citing *Twombly*, 550 U.S. at 556) ("Factual

2

allegations must be enough to raise a right to relief above the speculative level.") (citations omitted). A valid complaint "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544. Indeed, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544).

Generally, complaints by pro se plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Still, "the district court does not have license to rewrite a deficient pleading." *Id.* (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal*, 556 U.S. at 678)). The Court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal*, 556 U.S. at 664). Moreover, a pro se litigant "is subject to the relevant laws and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

### III. DISCUSSION

#### A. Defendant is not a proper defendant for a § 1983 action.

To establish a § 1983 claim, a plaintiff must prove (1) a violation of a constitutional right and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with a state actor. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Charles v. Johnson*, 18 F.4 686, 694 (11th Cir. 2021)). "The requirement that the deprivation be

made 'under color of state law' means that the deprivation must be made by a state actor." *Charles*, 18 F.4 at 694 (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 929 (1982)).

Plaintiff's Complaint fails to allege that Defendant, a private company, acted under the color of state law or conspired with a state actor. His Complaint contains a single allegation that Defendant recorded violent beatings "for personal gain." Doc. 1 at 2. This claim is insufficient to show that Defendant acted under color of state law or conspired with a state actor. Despite receiving direction from the Court (Doc. 6), the documents titled "Respon[s]e" and "Correction" do not cure this error. Docs. 7 and 8. The closest Plaintiff comes to doing so is in the document titled "Response" where he states that "Wisemet is either with the corruption [or] they will supply the information that is needed." Doc. 7. Although this statement appears to allege Defendant conspired with another, it still fails to allege facts to support an inference that Defendant conspired with *a state actor* sufficient to assert a § 1983 claim. As such, Plaintiff has failed to name a proper defendant. *Holmes*, 418 F.3d at 1258; *Charles*, 18 F.4 at 694.

Because Plaintiff has not named a proper defendant under § 1983, his Complaint shows no chance of success and is frivolous. *Neitzke*, 490 U.S. at 325; *Clark*, 915 F.3d at 639. While the Court reads Plaintiff's Complaint liberally, Plaintiff is subject to the relevant law—here, § 1983's second element. *Osahar*, 297 F. App'x at 864. Thus, under § 1915, the Court must dismiss Plaintiff's Complaint. § 1915 (e)(2)(B)(i); § 1915A(b)(1).

**B. Plaintiff's Complaint fails to state a plausible claim to relief.**

Plaintiff's claims consist of mere speculation that Defendant recorded "prisoners getting attack[ed] violently for personal gain[]" (Doc. 1 at 2–3) and is "with the

4

corruption[.]" Doc. 7. These allegations are vague, conclusory, and lack sufficient factual matter. For instance, Plaintiff provided no details regarding the "personal gain" Defendant received or the corruption in which Defendant participated. Indeed, there is not enough factual matter for the Court to infer on what basis Defendant should be liable. Although the Court interprets Plaintiff's filings leniently, it cannot redraft Plaintiff's Complaint. *See Osahar*, 297 F. App'x at 864.

Even if taken as true, Plaintiff's allegations do not present a plausible claim for relief. Importantly, Plaintiff has failed to articulate in what way Defendant's conduct violated his constitutional rights. Further, the Court cannot identify any constitutional violation that might result from the type of recording alleged at a correctional facility. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 547). Based on § 1915's standards, Plaintiff's Complaint must be dismissed. (e)(2)(B)(ii); § 1915A(b)(1).

## IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

Further, it is ORDERED that by **September 5, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of August, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE